UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDDIE BLACK,

Plaintiff,

-against-

GREEN HAVEN CORRECTIONAL FACILITY and KEVIN ELLIOT,

Defendants.

26-CV-6998 (JGLC)

**ORDER OF SERVICE (JGLC)**

JESSICA G. L. CLARKE, United States District Judge:

Plaintiff, who currently is incarcerated at Five Points Correctional Facility, brings this action pro se. Plaintiff asserts claims, under 42 U.S.C. § 1983, for alleged violations of his constitutional rights. By order dated August 18, 2026, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1]

**STANDARD OF REVIEW**

The Prison Litigation Reform Act requires that federal courts screen complaints brought by prisoners who seek relief against a governmental entity or an officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a prisoner's complaint filed IFP, or any portion of the complaint, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

[1] Prisoners are not exempt from paying the full filing fee even when they have been granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

## DISCUSSION

### A. Defendant Green Haven Correctional Facility

Green Haven Correctional Facility (Green Haven) is a part of the New York State Department of Corrections and Community Supervision (DOCCS). As such, it lacks the capacity to be sued. *See*, *e.g.*, *Ransom v. Cook*, No. 9:22-CV-1310 (DNH) (DJS), 2023 WL 12107650, at *7 (N.D.N.Y. Jan. 24, 2023) ("Clinton Correctional Facility is not a suable entity but rather is a part of DOCCS.").

Moreover, DOCCS and Green Haven are both entitled to Eleventh Amendment immunity from suit for claims under 42 U.S.C. § 1983 for alleged violations of constitutional rights. *See*, *e.g.*, *Davis v. New York*, 316 F.3d 93, 101 (2d Cir. 2002) ("[T]he dismissal of Davis's claims against the State of New York, [DOCCS], and Attica [Correctional Facility]. . . is affirmed, because these claims are barred by the Eleventh Amendment."); *see also Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977) (holding that New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983). Plaintiff's claims against Green Haven must therefore be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

### B. Service on Defendant Elliot

Because Plaintiff has been granted permission to proceed IFP, Plaintiff is entitled to assistance from the court and the U.S. Marshals Service to effect service.[2] *Walker v. Schult*, 717

---

[2] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that the summons and complaint be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not effect service until the Court reviewed the complaint and ordered that summonses issue. The Court therefore extends the time to serve until 90 days after the date summonses issue.

F. 3d. 119, 123 n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Kevin Elliot, R.N., through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form (USM-285 form) for this defendant. The Clerk of Court is further instructed to issue a summons for this defendant and deliver to the Marshals Service all of the paperwork necessary for the Marshals Service to effect service upon this defendant.

Plaintiff must notify the Court in writing if Plaintiff's address changes, and the Court may dismiss the action if Plaintiff fails to do so. If the complaint is not served within 90 days from the date a summons issues, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service); *see also Murray v. Pataki*, 378 F. App'x 50, 52 (2d Cir. 2010) ("As long as the [plaintiff proceeding IFP] provides the information necessary to identify the defendant, the Marshals' failure to effect service automatically constitutes 'good cause' for an extension of time within the meaning of Rule 4(m).").

## CONCLUSION

The Court dismisses Plaintiff's claims against Green Haven Correctional Facility. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)-(iii).

The Clerk of Court is instructed to (1) issue a summons for Defendant Kevin Elliot, R.N., complete the USM-285 form with the address for this defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service; (2) update the case caption to reflect

the dismissal of Green Haven Correctional Facility; and (3) mail an information package and copy of this Order to Plaintiff.

SO ORDERED.

Dated: August 27, 2026
White Plains, New York

Jessica Clarke

JESSICA G. L. CLARKE
United States District Judge

**SERVICE ADDRESS FOR EACH DEFENDANT**

1. Kevin Elliot, R.N.
   Green Haven Correctional Facility
   594 Route 216
   Stormville, NY 12582